UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFERY L. CARLYLE, JR.,

   Plaintiff,

v.                                                              Case No. 8:19-cv-701-T-36AEP

BANARD DEJESUS, et al.,

   Defendants.
_____/

**ORDER**

Before the Court is Defendants' Motion to Dismiss and Memorandum of Law (Doc. 31), which Plaintiff opposes (Doc. 32). Upon consideration, the motion to dismiss will be granted.

**I. ALLEGATIONS OF THE COMPLAINT[1]**

On February 5, 2016, at approximately 10:40 p.m., Plaintiff was driving a gold Buick in Tampa, Florida. Doc. 1 at 9–10; Doc. 1-21. In the car with Plaintiff was his girlfriend Roslyn Belmont and her two-year old daughter. Doc. 1 at 9; Doc. 1-2 at 14. The car was owned by Rodney Harden, Belmont's cousin. Doc. 1 at 9; Doc. 1-2 at 5.

Officer Dejesus saw the Buick drive past him and noticed it did not have a visible license plate. Doc. 1-2 at 7. Officer Dejesus pulled his police vehicle into the road, followed the Buick, then activated the emergency lights on his vehicle. *Id*. He heard over his police radio that the Buick matched the

---

1 Attached to the complaint are exhibits (Doc. 1-2). "Exhibits attached to a Complaint are properly considered part of the pleadings for all purposes, including a Rule 12(b)(6) motion." *Jordan v. Miami-Dade Cty.*, 439 F. Supp. 2d 1237, 1240 (S.D. Fla. 2006) (citing *Solis–Ramirez v. United States Dep't of Justice*, 758 F.2d 1426, 1430 (11th Cir. 1985)). And the contents of these exhibits can be considered true for purposes of ruling on Defendants' motion to dismiss because Plaintiff does not allege that they are false. *See Saunders v. Duke*, 766 F.3d 1262, 1270 (11th Cir. 2014) ("[D]ocuments attached to a complaint or incorporated in the complaint by reference can generally be considered by a federal court in ruling on a motion to dismiss under Rule 12(b)(6). . . .[However,] [w]here a civil rights plaintiff attaches a police report to his complaint and alleges that it is false, . . . the contents of the report cannot be considered as true for purposes of ruling on a motion to dismiss.") (internal

description of a vehicle that was involved in a recent carjacking. *Id*. He was told to continue to follow the vehicle. *Id*.

Another officer stated on the radio that the Buick was the vehicle involved in the carjacking. *Id*. Officer Lopez joined the pursuit of the Buick in his police vehicle. *Id*. Officer Mohr also joined in the pursuit. *Id*. at 3. The Buick continued moving rather than pulling over and eventually slowed to a point where it was parallel with Officer Lopez's vehicle. *Id*. at 7. The Buick sideswiped Officer Lopez's vehicle. *Id*. Officer Dejesus radioed dispatch to advise that the Buick was intentionally striking Officer Lopez's vehicle. *Id*. The Buick then struck a pole. *Id*. at 8. Officer Lopez drove his vehicle behind the Buick, and Officer Dejesus moved his vehicle up against the driver's door to prevent the driver from fleeing on foot. *Id*. Officers Hanlon and Provenza arrived on the scene. *Id*. at 1, 5.

The officers exited their vehicles and pointed their guns at Plaintiff. *Id*. at 5. Plaintiff failed to comply with the officers' orders to roll down his window. *Id*. After Officer Dejesus attempted to break open the window, Plaintiff rolled down the window and stuck his arms out. *Id*. Officer Hanlon grabbed Plaintiff's arms and pulled him out of the vehicle through the open window. *Id*. Plaintiff resisted the officers' attempts to restrain him by refusing to place his hands behind his back, tensing his arms, and pushing up off the ground. *Id*. at 8. To gain compliance from Plaintiff, Officer Mohr used his knee to strike Plaintiff in his right side, *id*. at 3, Officer Provenza bent Plaintiff's wrist, *id*. at 1, and Officer Dejesus attempted to use the palm of his hand to strike Plaintiff's shoulder but instead struck the back of Plaintiff's head. *Id*. at 8. The officers eventually gained control of Plaintiff and placed him under arrest *Id*. Plaintiff was checked by medical technicians for injury and medically cleared. *Id*. Plaintiff made no complaint of injury, there were no visible signs of injury, and no medical attention was required. *Id*. at 9. At the time of the incident, Plaintiff was "incompetent" and had a history of mental illness. Doc. 1 at 9.

---

citations omitted).

Plaintiff contends that Defendants, Officers Lopez, Mohr, and Dejesus, subjected him to an unreasonable seizure and used excessive force in violation of the Fourth and Eighth Amendments. As relief, he seeks monetary damages.

## II. STANDARD OF REVIEW

Defendants move to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim upon which relief can be granted. In deciding whether to grant a motion to dismiss on this ground, a court must accept "the allegations in the complaint as true and construe them in the light most favorable to the nonmoving party." *Starosta v. MBNA America Bank. N.A.*, 244 F. App'x 939, 941 (11th Cir. 2007) (unpublished) (quoting from *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1139 (11th Cir. 2005)). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions. . . ." *Bell Atlantic Corp. et al. v. Twombly*, 127 S. Ct. 1955, 1964–65 (2007) (alteration in original) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*.

Although the court must afford a *pro se* litigant wide leeway in pleadings, a *pro se* litigant is nonetheless required to satisfy necessary burdens in that he is "not relieved of his obligation to allege sufficient facts to support a cognizable legal claim," and "to survive a motion to dismiss, a Plaintiff must do more than merely label his claims." *Excess Risk Underwriters. Inc. v. Lafayette Ins. Co.*, 208 F. Supp. 2d 1310, 1313 (S.D. Fla. 2002). Dismissal is, therefore, permitted "when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Group. Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (citing *Marshall City Bd. of Educ. v. Marshall City Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)).

## III. SUMMARY OF THE ARGUMENTS

In their motion to dismiss, Defendants contend that Plaintiff's complaint should be dismissed

because: 1) under *Younger v. Harris*, 401 U.S. 37 (1971), this Court should abstain from interfering with Plaintiff's ongoing state criminal proceedings; 2) Plaintiff fails to state a claim for relief under the Fourth and Eighth Amendments; and 3) Defendants are entitled to qualified immunity. Plaintiff argues that he has stated a claim for a violation of his constitutional rights because the officers' force was excessive, he was "incompetent" at the time of the events, and he was never charged with carjacking.

## IV. DISCUSSION

### A. The *Younger* doctrine does not apply

Defendants argue that under *Younger*, this Court should abstain from hearing Plaintiff's civil claim at this time. "*Younger* abstention is the doctrine that federal courts should abstain from interfering with ongoing state criminal prosecutions." *Abusaid v. Hillsborough Cty. Bd. of Cty. Comm'rs*, 405 F.3d 1298, 1315 n.9 (11th Cir. 2005). Plaintiff's criminal prosecution is not "ongoing" because he was convicted,[2] and his petition for belated appeal denied.[3] Accordingly, *Younger* does not apply. *See id*. ("The Supreme Court has held unambiguously that when no state criminal proceedings are pending, the [*Younger*] doctrine does not apply.") (citing *Steffel v. Thompson*, 415 U.S. 452, 462–63 (1974)).

### B. Plaintiff fails to state a claim under the Eighth Amendment

Defendants argue that Plaintiff's claim under the Eighth Amendment should be dismissed because the Eighth Amendment applies to "convicted persons" not "pretrial detainees." The Court agrees. All claims that law enforcement officers used excessive force in the course of an arrest, investigatory stop, or other "seizure" of a free citizen are analyzed under the Fourth Amendment and its "reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989). Accordingly, Plaintiff's claim under the Eighth Amendment will be dismissed.

---

2 *See* http://www.dc.state.fl.us/offenderSearch/
3 *See* http://onlinedocketsdca.flcourts.org/

**C. Plaintiff fails to state a claim for excessive force under the Fourth Amendment**

To allege a violation of the Fourth Amendment for the use of excessive force, Plaintiff must demonstrate that (1) a seizure occurred and (2) the force used to effect the seizure was unreasonable. *Troupe v. Sarasota Cty., Fla.,* 419 F.3d 1160, 1166 (11th Cir. 2005). In their motion to dismiss, the Defendants do not dispute that a seizure occurred (*see* Doc. 31). Accordingly, the Court must determine whether the allegations in the complaint state a claim for unreasonable force during the seizure.

The Fourth Amendment's freedom from unreasonable searches and seizures includes the right to be free from excessive force during a criminal apprehension. *Graham*, 490 U.S. at 394–95. In deciding whether the officers' force was reasonable, the Court must determine "whether a reasonable officer would believe that this level of force is necessary in the situation at hand." *Lee v. Ferraro*, 284 F.3d 1188, 1197 (11th Cir. 2002) (citation omitted). Under *Graham*, courts must determine the "objective reasonableness" of a seizure by balancing the "nature and quality of the intrusion" against the "countervailing governmental interest at stake." 490 U.S. at 396.

"Use of force must be judged on a case-by-case basis 'from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.'" *Post v. City of Fort Lauderdale*, 7 F.3d 1552, 1559 (11th Cir. 1993) (quoting *Graham*, 490 U.S. at 396). A constitutional violation occurs when the officer's use of force is 'objectively unreasonable' in light of the totality of the circumstances at the time the force is used. *Graham*, 490 U.S. at 396. Because "[t]he test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application," *Bell v. Wolfish*, 441 U.S. 520, 559 (1979), "its proper application requires careful attention to the facts and circumstances of each particular case." *Graham*, 490 U.S. at 396. When determining the government's interest in using force, the Court must consider factors that include: 1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether he is actively

resisting arrest or attempting to evade arrest by flight. *Priester v. City of Riviera Beach, Fla.*, 208 F.3d 919, 924 (11th Cir. 2000) (citing *Graham*, 490 U.S. 396). "Other considerations are 'the need for the application of force, the relationship between the need and the amount of force used, [and] the extent of the injury inflicted.'" *Saunders v. Duke*, 766 F.3d 1262, 1267 (11th Cir. 2014) (quoting *Hadley v. Gutierrez*, 526 F.3d 1324, 1330, 1332 (11th Cir. 2008) (citation, internal quotation marks, and numbering omitted) (alteration in original)).

Considering those factors and accepting the allegations of the complaint as true, the Court concludes that Plaintiff has failed to state an excessive force claim as a matter of law because Defendants' use of force was not objectively unreasonable under the totality of the circumstances. First, the officers were informed that the car Plaintiff was driving was or likely was the vehicle involved in a recent carjacking, a violent felony. Second, Plaintiff posed an immediate threat to the officers, Belmont and her two-year old daughter, and others because he did not stop his vehicle while the officers were pursing him, and he drove the car into one of the police vehicles. Third, he was actively evading the officers by failing to stop his vehicle, not rolling down his window when ordered to, and resisting the officers as they attempted to restrain him.[4] Fourth, because Plaintiff was resisting the officers, it was appropriate to use force to restrain him. Fifth, nothing in the complaint implies that the amount of force used exceeded the amount necessary to subdue Plaintiff. Sixth and finally, because Plaintiff made no complaint of injury, there was no visible sign of injury, and he required no medical treatment, the amount of force used was proportionate to the need for force.

The allegations show that the officers behaved reasonably in light of the circumstances before them. Concerning the first *Graham* factor, the officers were informed that the vehicle they were

---

[4] Plaintiff's allegation that when the officers were attempting to restrain him, he screamed "yes sir" (Doc. 1 at 10) does not contradict the officers' statements in the exhibits that Plaintiff struggled with them while they attempted to restrain him (Doc.

pursuing likely was involved in a carjacking/robbery. Therefore, they reasonably would have believed that whoever was in the vehicle was recently involved in a violent crime, and significant force may be necessary.

With regard to the second *Graham* factor, there are several facts which could easily lead reasonable officers in the position in which Defendants found themselves to conclude that Plaintiff posed an immediate threat to them and to others in the area. First, the car Plaintiff was driving was identified as being involved in a carjacking/robbery. Second, Plaintiff failed to stop the car even after multiple police vehicles were pursuing him with their emergency lights flashing. In fact, Plaintiff alleges that he increased the speed of the car when the officers were pursuing him (Doc. 1 at 9). Although he alleges that he continued to drive because he was looking for a safe location to pull over, *id.* at 9–10, there is no allegation or indication that the officers knew that was Plaintiff's intention. Third, Plaintiff alleges that his vehicle "bumped" into Officer Lopez's vehicle. *Id.* at 10. Although Plaintiff alleges that he struck Officer Lopez's vehicle because he "panicked" and "lost control" of his car, *see id.*, there is no allegation that the officers knew Plaintiff had lost control of the vehicle. A reasonable officer therefore could perceive the action as an act of aggression and attempt to resist arrest. Reasonable officers in this position could perceive Plaintiff as a significant threat to themselves and to others. Therefore, the officers' decision to use the police vehicle to push Plaintiff's car off the road and to approach his car with weapons drawn was reasonable.

Concerning the third and final *Graham* factor, the allegations in the complaint show that Plaintiff resisted the officers and support the amount of force used in restraining him. Because Plaintiff failed to roll down his car window after multiple orders to do so, it was reasonable for Officer Dejesus to attempt to break open the window. And it was reasonable to pull Plaintiff out of the car through the window

---

1-2 at 1, 3, 9).

7

because Officer Dejesus' vehicle pinned the driver's side door closed. Finally, because Plaintiff continued to resist by refusing to put his arms behind his back, tensing his arms, and pushing up off the ground, Doc. 1-2 at 9, the officers could reasonably have thought that kneeing Plaintiff in his side, bending his wrist back, and attempting to strike Plaintiff on his shoulder was necessary to restrain him. In light of the allegations of the complaint, this was not a situation where the officers used gratuitous force on a criminal suspect who was not resisting arrest. *Cf., Hadley*, 526 F.3d at 1330 (holding that a police officer who struck a handcuffed, non-resisting suspect in the stomach violated the Fourth Amendment and was not entitled to qualified immunity).

In sum, the Court concludes that Plaintiff has failed to allege facts that support a claim that the force he was subjected to was unreasonable. The complaint therefore fails to state a claim upon which relief may be granted as to excessive force under the Fourth Amendment. Accordingly, Defendants' motion to dismiss will be granted.

**D. Defendants are entitled to qualified immunity**

Defendants argue that they are entitled to qualified immunity. With regard to § 1983 claims, "[q]ualified immunity offers complete protection for government officials sued in their individual capacities when acting within their discretionary authority if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1305 (11th Cir. 2009) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

To establish that the challenged actions were within the scope of his discretionary authority, a defendant must show that those actions were: "(1) undertaken pursuant to the performance of his duties, and (2) within the scope of his authority." *Gray ex. rel. Alexander v. Bostic*, 458 F.3d 1295, 1303 (11th Cir. 2006). There is no contention that the Defendants were acting outside the scope of their

discretionary authority. Accordingly, this element has been established.

The burden therefore shifts to Plaintiff to show that qualified immunity is inappropriate. To do so, Plaintiff must satisfy the two-prong test that the Supreme Court articulated in *Saucier v. Katz*, 533 U.S. 194 (2001), showing (1) the defendant violated a constitutional right, and (2) this right was clearly established at the time of the violation. *Id*. at 201. "Clearly established" means that it would be clear to a reasonable official that his conduct was unlawful in the situation he confronted. *Id*. Therefore, the question for this Court in assessing the Defendants' immunity is whether, taking the Plaintiff's allegations as true, the complaint alleges the violation of a clearly established constitutional right. *Gonzalez v. Reno*, 325 F.3d 1228, 1233 (11th Cir. 2003).

As discussed above, Plaintiff has failed to sufficiently allege facts that show Defendants' use of force was unreasonable or excessive under the circumstances. Therefore, he has failed to show the violation of a clearly established constitutional right. Accordingly, Defendants are entitled to qualified immunity. *See Buford v. Miami-Dade County*, No. 17-22149-Civ-Altonga/Goodman, 2018 WL 340131, at *4 (S.D. Fla. Jan. 9, 2018) ("where a plaintiff's allegations of excessive force include actions that a reasonable officer could have believed to be lawful, it is appropriate to grant a motion to dismiss based on the qualified immunity defense") (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery.")).

It is therefore **ORDERED:**

1. Defendants' Motion to Dismiss and Memorandum of Law (Doc. 31) is **GRANTED**.
2. Plaintiff's complaint (Doc. 1) is **DISMISSED**.
3. The Clerk is directed to enter judgment in favor of Defendants and close this case.

**DONE AND ORDERED** in Tampa, Florida on July 30, 2020.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to: Plaintiff *pro se*
Counsel of Record